**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BOISEY CALDWELL,

                              Plaintiff,

        v.                                                     No. 1:19-CV-01516
                                                             (BKS/CFH)

JAMES BARRIER,

                              Defendant.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES**:

Boisey Caldwell
25 Elliot Place, Apt. E7
Bronx, New York 10452
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

Plaintiff pro se Boisey Caldwell purported to commence this action on February 12, 2020 with the filing of a complaint. Dkt. No. 1 ("Compl."). In lieu of paying this Court's full filing fee, plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). Dkt. No. 3.[1] After reviewing plaintiff's IFP application, Dkt. No. 3, undersigned determines that plaintiff qualifies to proceed IFP for purposes of filing only.

### I. Initial Review

---

[1] Plaintiff payed a partial filing fee of $100. On December 20, 2019, the Court issued a text order directing plaintiff to pay the remainder of the Court's $400 filing fee, or file an application proceeding in forma pauperis. Dkt. No. 2. Plaintiff filed the IFP application. Dkt. No. 3.

## A. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action. Where, as here, a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of

2

the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides in pertinent part that:
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

3

for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Plaintiff's Complaint

Plaintiff seeks to bring this action for "Relief from the Misrepresentation of Pro Bono Attorney James Barrier who knowingly and intentionally misrepresented the matter 95-CV-1586, Caldwell v. Reynolds." Compl. at 1. The complaint alleges that Barrier

> did not present my case to the all-white Jury, that instead he

4

>   allowed the defendant attorney to question me about
>   another matter, matter 95-CV-1586 Caldwell v. Reynolds,
>   where Reynolds died and I did not know that I needed to file
>   a motion for substitution that is because I am not an attorney
>   so the matter was dismissed and James Barrier was
>   informed of this matter (95-CV-1586 Caldwell v Reynolds) by
>   the opposing attorney and that is why he allowed (rigged
>   mater [sic] the minutes will prove that to be true) taht the
>   opposing attorney was allowed to act (with no objections that
>   is to freely act) in a way to make the jury think that I was not
>   subjected to the negligence of the defendants in the matters
>   of Caldwell v. Tschante Nos. 96cv0353, 96-cv-0358,
>   96cv0359, 96cv0360 and that is the reason why the all-white
>   jury found them (they are all white) they were therefore fund
>   [sic] not guilty when the truth is that they are my wrist still
>   hurts from time to time and James Barrier knows that there
>   is a Cause for action against him: because he - James
>   Barrie did not present my case to the all-white Jury, and that
>   is discrimination and that because he too is white or at least
>   is considered to be white he used this as the reason why he
>   misrepresented my case to the jury, because he never di
>   present the matter to the jury at all that the trial was rigged
>   see my co-respondence's [sic] to him.

Compl. at 2.

### C.  Review

It is not clear from the complaint whether plaintiff is seeking to recover for legal malpractice from Mr. Barrier's representation of him in civil case number 95-cv-1586, Caldwell v. Reynolds or in a different civil matter.  Compl. at 2.  However, plaintiff's claim must fail for several reasons.  First, it appears that this Court has already addressed this matter in a prior action Mr. Caldwell attempted to bring in 2004, Caldwell v. James J. Barrier, et al., 1:04-CV-0036 (DNH/RFT).  In this case, plaintiff alleged that Barrier was racially biased against plaintiff, did not properly represent plaintiff at trial in

5

a prior action, and conspired with state attorneys to deprive him of equal protection. See Caldwell v. Barrier, et al., 1:04-CV-0036, dkt. no. 3.  The Court dismissed plaintiff's claims against Mr. Barrier.  In so doing, the Court noted that Mr. Barrier was not acting under color of state law and that a claim of legal malpractice is not actionable under 42 U.S.C. § 1983.  Id. at 4.  The Court further dismissed the apparent claims of conspiracy, noting that such claims did not suffice to state a claim under §1983.  Id. at 4-5.

Here, is not entirely clear whether the underlying trial representation to which plaintiff refers is the same as that addressed in Caldwell v. James J. Barrier, et al., 1:04-CV-0036 (DNH/RFT).  However, to the extent plaintiff seeks to reallege the same claim for legal malpractice against Mr. Barrier, that claim is barred, as this Court dismissed it with prejudice, pursuant to 28 U.S.C. § 1915(e)(2), and his appeal was dismissed by the Second Circuit Court of Appeals.  Dkt. Nos. 3, 4, 8.  Thus, plaintiff may not attempt to bring a new action to raise these claims against the same defendant.

Second, even if the present complaint may be about Mr. Barrier's representation of him in a different case, and, thus, not barred by this Court's earlier decision, plaintiff still fails to state a federal cause of action for the same reasons set forth in Caldwell v. James J. Barrier, et al., 1:04-CV-0036 (DNH/RFT).  Private attorneys, whether court appointed or privately retained, are not liable under 42 U.S.C. § 1983.  See Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit

under 42 U.S.C. § 1983.") (citation omitted), accord Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (holding that a public defender was not acting under color of state law when performing an attorney's traditional functions as defense counsel).[2]

Finally, even if this Court were to construe plaintiff's complaint as attempting to set forth a state law claim and review it under its supplemental jurisdiction – which it would not do as there is no question of federal law presented, Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 120 (2d Cir. 2006) (noting that district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed) – as it appears the legal representation occurred in or around 1995, "the claim would be barred by the applicable three year statute of limitations for legal malpractice, which begins to run on 'the day an actionable injury occurs,' regardless of when a plaintiff discovers the injury." Kunz v. Brazill, et al., 6:14-CV-1471 (MAD/TWD), 2015 WL 792096, at *6 (N.D.N.Y. Feb. 25, 2015) (citing N.Y. C.P.L.R. § 214; Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP, 834 F. Supp. 2d 141, 155 (E.D.N.Y. 2011)); see also Coffin v. Law Offices of Danielle Neroni, 1:19-CV-111 (LEK/CFH), 2019 WL 2359610, at *3 (N.D.N.Y. Apr. 18, 2019) (same).[3] Thus, insofar as plaintiff attempts to

---

[2] To set forth a cause of action under section 1983, a plaintiff must demonstrate that the alleged conduct was (1) "committed by a person acting under color of state law"; and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal quotation marks omitted)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

[3] The Court has provided copies of these unpublished cases to plaintiff.

set forth a legal malpractice claim, such claim is also barred by the statute of limitations.

A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id. Here, as plaintiff cannot cure the defects in his pleading, dismissal with prejudice and without opportunity to amend is warranted as it is clear there is no reworking of the complaint which could entitle plaintiff to relief in this Court.

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED,** that plaintiff's application to proceed in forma pauperis (dkt. no. 3) be **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED with prejudice and without leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

8

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[4]

Dated: February 26, 2020
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).

9