UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOISEY CALDWELL,

                                      Plaintiff,                      1:19-cv-1516 (BKS/CFH)

v.

JAMES BARRIER,

                                      Defendant.
_____

**Appearances:**

*Plaintiff, pro se:*
Boisey Caldwell
Bronx, NY

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Boisey Caldwell brought this action alleging that the Defendant did not adequately represent Plaintiff during Defendant's pro bono representation of Plaintiff in a civil case. (Dkt. No. 1). Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 3). This matter was referred to United States Magistrate Judge Christian F. Hummel who, on February 26, 2020, issued a Report-Recommendation and Order granting Plaintiff's application to proceed IFP for the purposes of filing only, and recommending that Plaintiff's complaint be dismissed, with prejudice, and without leave amend. (Dkt. No. 4). Plaintiff filed a response to the Report-Recommendation. (Dkt. No. 5). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v.*

*Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

In the Report-Recommendation, Magistrate Judge Hummel determined that Plaintiff's claim fails because: (1) this Court previously dismissed Plaintiff's claim alleging inadequate representation by Defendant in the case of *Caldwell v. Tshantre*, 96-353 (*See Caldwell v. James J. Barrier, et al.*, 1:04-cv-37, Dkt. No. 3); (2) even if the present complaint challenges the Defendant's representation of the Plaintiff in a different case,[1] Plaintiff fails to state a federal cause of action for the reasons set forth in *Caldwell v. James J. Barrier, et al.*, 1:04-cv-37, Dkt. No. 3; and (3) even if the Court were to consider the current claim as a state law claim, and review it under its supplemental jurisdiction, the claim would be barred by the three-year state of limitations for legal malpractice because it appears that the legal representation occurred in or

---

[1] Magistrate Judge Hummel noted that the complaint does not make clear from which civil action Plaintiff's claim arose. (Dkt. No. 4, at 5). The complaint referred to both *Caldwell v. Reynolds*, 95-cv-1586 and *Caldwell v. Tschante*, 96-cv-353. (Dkt. No. 1).

around 1995.  (Dkt. No. 4, at 6–7).  Because better pleading could not cure these defects, Magistrate Judge Hummel recommended dismissal with prejudice and without leave to amend.

In his response to the Report-Recommendation, (Dkt. No. 5), Plaintiff submitted a document, docketed as an objection, which provides additional details of the alleged conduct by the Defendant in the case of *Caldwell v. Tshantre*, 96-353, making it clear that Plaintiff is attempting to bring the same claim that this Court previously dismissed.  *See Caldwell v. James J. Barrier, et al.*, 1:04-cv-37, Dkt. Nos. 1, 3.  Plaintiff's submission does not reference the Report-Recommendation or identify any objection to the analysis in the Report-Recommendation.  Plaintiff has thus failed to preserve an objection, and the Court's review is for clear error.  Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 4) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice and without leave to amend**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 17, 2020
Syracuse, New York

Brenda K. Sannes
U.S. District Judge